Mr. Justice Huger
delivered the opinion of the court:
The act of 1803, requires that the person applying to produce an office copy of a grant in evidence, shall swear that the original grant is lost, destroyed, or out of his power to produce, and that he has not destroyed, mislaid, or In any way willingly, previous to that time, put it out of his power to produce the same, with an intention to produce an office copy of the same in evidence, &c. The act no where prescribes the manner or time of swearing. The practice has been uniform to receive as evidence an affidavit of the loss, &c. If an affidavit be received at all, there appears to be no reason for requiring its execution at one period, rather than another, provided it be satisfactory as to the loss of the grant. It is true that what has been lost may be recovered ; but if the bare possibility of a recovery of the original be sufficient to invalidate an affidavit, one made a day, an hour, or minute before it is produced, would not be good. If such a possibility be regarded as too remote, at what point of remoteness is the mind to stop ? As we travel back, so will the possibility of reco *271 very increase, until it be lost in the invisible boundaries, which divide what is highly possible, from what is remotely probable. The difficulty of deciding; in casos of this kind, has led to the establishment of arbitrary boundaries : Hence our statute of limitations, and that rule of law, which presumes a bond paid, after 18 or SO years.
DeSaussure, for the motion.
Gregg, contra."
In the case of Creagh & Delane, (1 Nott & McCord, 189,) a case arising under the attachment act, it was ruled that although the act declares that the plaintiff on filing hip. declaration, shall make oath to the debt; yet, that an oath taken some time prior to the filing of the declaration was Sufficient. It is as possible that the plaintiff in attachment, should have received payment subsequent to the execution of his affidavit, and before the declaration is filed, as it is that the plaintiff in trespass should have recovered the original grant, between the execution of his affidavit and the trial of the case. In both cases, the affidavit must be regarded as efficient, at the time they are offered, although sworn to before.
I am satisfied that where the affidavit is sworn to subsequent to docketing of the case, for'the purpose of being used in that case, and no circumstance independent of the lapse of time, appears to invalidate it, that it ought to he received.
The motion for a new trial is therefore granted.
Justices Johnson and Colcock, concurred.